**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| MICHAEL DUANE MOLL, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | No. 4:24-cv-00624-SEP |
| ) | |
| JASON H. LAMB, et al., ) | |
| ) | |
| Defendants. ) | |

### MEMORANDUM AND ORDER

Before the Court is self-represented Plaintiff Michael Duane Moll's Application to Proceed in the District Court without Prepaying Fees or Costs, Doc. [2]. The application is granted, and for the reasons set forth below, the case is dismissed without prejudice.

### INITIAL PARTIAL FILING FEE

Under 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20% of the greater of (1) "the average monthly deposits to the prisoner's account," or (2) "the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint or notice of appeal." 28 U.S.C. § 1915(a)(2). "After payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account." § 1915(b)(2). "The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid." *Id*.

Plaintiff has not submitted an inmate account statement as required by 28 U.S.C. § 1915(a)(2). He states that he requested the statement from the Warren County Jail and the Jail refused to provide it. *See* Doc. [5] at 1-2. Nevertheless, having reviewed the financial information in Plaintiff's application, the Court will grant the application. Plaintiff shall pay an initial partial filing fee of $1.00. *See Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997) ("[F]ailure to file the prison account information will result in the

assessment of an initial appellate partial fee of $35 or such other amount that is reasonable, based on whatever information the court has about the prisoner's finances."). If Plaintiff is unable to pay the initial partial filing fee, he must submit a copy of his inmate account statement in support of his claim.

### LEGAL STANDARD ON INITIAL REVIEW

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous or malicious, or if it fails to state a claim upon which relief can be granted. To state a claim, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. The court must "accept as true the facts alleged, but not legal conclusions or 'threadbare recitals of the elements of a cause of action, supported by mere conclusory statements.'" *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016) (cleaned up) (quoting *Iqbal*, 556 U.S. at 678).

When reviewing a pro se complaint under 28 U.S.C. § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that, "if the essence of an allegation is discernible . . . then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir.2004)). Still, even pro se complaints must "allege facts, which if true, state a claim as a matter of law." *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone*, 364 F.3d at 914-15 (federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). And "procedural rules in ordinary civil litigation" need not be "interpreted so as to excuse mistakes by those who proceed without counsel." *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

### THE COMPLAINT

Plaintiff filed his Complaint under 42 U.S.C. § 1983 against the judge and prosecutors in his underlying state court criminal action: Jason H. Lamb (Judge, Warren County Circuit Court); Jeffrey A. Suddy, Jr. (Special Prosecuting Attorney); and Katherine Griesbach (Assistant Attorney General).

At the time of filing, Plaintiff was a pretrial detainee being held at the Warren County Jail. He was later transferred to the Missouri Department of Corrections (MDOC) after being found guilty of five counts of failure to register as a sex offender. *State v. Moll*, No. 22BB-CR00297-03 (12th Jud. Cir., Warren County). On June 4, 2024, the state court sentenced him to 30 years' imprisonment on each count, to run consecutive for a total of 150 years' imprisonment. Based on the state court records available on Missouri Case.net, Plaintiff did not appeal his conviction and sentence.

In his Complaint, Plaintiff challenges the constitutionality of his state court criminal conviction. He asserts that requiring him to register as a sex offender violates his constitutional right to be free of "forced labor" and "enslavement" by governmental officials acting under color of law. Doc. [1] at 3. Plaintiff made the same argument in state court in his motion to dismiss his criminal charges. There, Plaintiff stated the Missouri statute requiring sex offenders to register "is plainly, clearly and obviously repugnant and inconsistent with the constitution of the United States as a matter of fact and law." *Moll*, No. 22BB-CR00297-03 (filed Mar. 7, 2024). Plaintiff argued:

> RSMO 589.425 (2006) being charged against Defendant in the above-entitled cause, entails and requires expenditure of the physical and mental efforts of Defendant to come to the Warren County, Missouri Sheriff's Department and perform the duties (labor) required (being compelled) and to involuntarily scribe by hand, in person, the information required to be inscribed upon a "Sex Offender Registration" form physically handed/transferred to Me (Defendant) personally by the Warren County, Missouri Sheriff's Department Receptionist-Clerk along with an ink pen for that purpose as directed by the Clerk to then physically return same after completion to the Clerk, then further compelled to pose for a photograph and thereafter relinquish to the Clerk a case holy fee to be immediately and directly paid out from My (Defendant's) pocket before being allowed to leave the building . . . .

3

Doc. [1-1] at 5-6.  The state court heard and denied Plaintiff's motion to dismiss on April 22, 2024.

Here, Plaintiff seeks a preliminary injunction against Defendants and asks to be "completely removed from state custody until this action is settled."  Doc. [1] at 5.  He also wants to convene a federal grand jury investigation and pursue criminal charges against Defendants.  *Id*.  Plaintiff seeks mandatory restitution and an evidentiary hearing.  *Id*.

## DISCUSSION

Plaintiff's § 1983 case is subject to dismissal on initial review because (1) the three Defendants are immune from suit, and (2) his suit is *Heck*-barred.

### I. All Defendants are immune from suit.

#### A. Judge Jason H. Lamb

Plaintiff names Judge Jason H. Lamb of the Warren County Circuit Court as a defendant.  Judge Lamb presided over Plaintiff's state court criminal case.  Judicial immunity provides judges with immunity from suit, allowing them to exercise the authority with which they are vested, and to act upon their own convictions.  *See Hamilton v. City of Hayti, Missouri*, 948 F.3d 921, 925 (8th Cir. 2020).  "Like other forms of official immunity, judicial immunity is an immunity from suit, not just from ultimate assessment of damages."  *Mireles v. Waco*, 502 U.S. 9, 11 (1991).  This immunity applies even when the judge is accused of acting maliciously or corruptly.  *Pierson v. Ray*, 386 U.S. 547, 554 (1967).  Moreover, "a judge will not be deprived of his immunity because the action he took was in error or was in excess of his authority."  *Justice Network, Inc. v. Craighead Cty.*, 931 F.3d 753, 760 (8th Cir. 2019) (cleaned up).  Judicial immunity does not extend to "nonjudicial actions," however, or "actions, though judicial in nature, taken in the complete absence of all jurisdiction."  *Id.* (quoting *Mireles*, 502 U.S. at 11-12).

Plaintiff's allegations against Judge Lamb arise out of acts done within his jurisdiction and in his judicial capacity.  Plaintiff states that he was "arbitrarily deprived of a full, fair, meaningful public/open trial, use of straw arguments/claims by prosecuting authorities allowed by Judge . . . refusals to recognize and properly, fully and fairly address in meaningful time and manner my 'complete' defense to charges, 'ex parte in chambers'

4

discussions with Judge excluding and precluding me against my objections . . . ." Doc. [1] at 4. These allegations fall squarely within the category of action for which Defendant Judge Lamb is immune from suit. Thus, Plaintiff's claims against Judge Lamb are dismissed.

### B.  Prosecutors Jeffrey A. Suddy, Jr. and Katherine Griesbach

Like judges, prosecutors are immune from 42 U.S.C. § 1983 liability "so long as the actions complained of appear to be within the scope of prosecutorial duties." *Price v. Moody*, 677 F.2d 676, 677 (8th Cir. 1982) (quoting *Keating v. Martin*, 638 F.2d 1121, 1122 (8th Cir. 1980)). This immunity can be either absolute or qualified. *Brodnicki v. City of Omaha*, 75 F.3d 1261, 1266 (8th Cir. 1996). A prosecutor is entitled to absolute immunity if he or she is acting as an advocate for the State in a criminal prosecution. *Id.* A prosecutor is entitled to only qualified immunity when he or she pursues actions in an "investigatory" or "administrative" capacity. *Id.*

Plaintiff's allegations against Defendants Suddy and Griesbach relate to their actions taken in prosecuting Plaintiff's underlying criminal case. For example, Plaintiff complains of "being criminally prosecuted for lawfully exercising my lawful constitutionally protected, secured and guaranteed liberty interests . . . being subject to false arrest, false imprisonment, malicious prosecution due to fraud, duress, coercion, use of base threat and force of arms outrageously violating the public trust . . . ." Doc. [1] at 3. Defendants Suddy and Griesbach are entitled to absolute immunity in performance of these prosecutorial functions. Thus, Plaintiff's claims against Defendants Suddy and Griesbach are dismissed.

### II.  <u>Plaintiff's suit is also *Heck*-barred.</u>

A prisoner may not recover damages in a § 1983 suit where the judgment would necessarily imply the invalidity of his conviction, continued imprisonment, or sentence "unless the conviction or sentence is reversed, expunged, or called into question by issuance of a writ of habeas corpus." *Schafer v. Moore*, 46 F.3d 43, 45 (8th Cir. 1995) (citing *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994)); *see also Edwards v. Balisok*, 520 U.S. 641, 648 (1997) (applying rule in § 1983 suit seeking declaratory relief). Because Plaintiff has not shown his conviction or sentence has been reversed, expunged, or called into question by a writ of habeas corpus, his § 1983 complaint is barred by *Heck*.

5

**MOTIONS REGARDING ACCESS TO LEGAL MATERIALS AND THE COURTS**

Plaintiff also submitted two filings concerning his legal materials at Fulton Reception & Diagnostic Center (FRDC): (1) Notice of Change of Address and Notice of Ongoing Irreparable Injuries to Plaintiff's Private and Public Rights, Request for a Temporary Restraining Order/Order of Protection, Request for Counsel, and (2) Actual and Constructive Legal Notice in the Nature of an Affidavit Session Seeking Emergency Court Order of Protection and Subpoena Duces Tecum for Release and Production to this Court of Legal Documents in Respondent's Physical Possession. Docs. [10], [11]. In the first filing, Plaintiff restates his Thirteenth Amendment claim and adds that MDOC officials took his legal materials during his transfer to FRDC. Doc. [10] at 2-4. In his second filing, Plaintiff states that more than 500 pages of legal documents addressed to his sister were taken by prison officials at FRDC. Plaintiff seeks an "Order of Subpoena Duces Tecum" to his prison custodian to produce these documents. Doc. [11]. Because the underlying action has been dismissed on initial review, Plaintiff's two motions regarding his legal materials are moot. Plaintiff may pursue his claims in a separate suit in the appropriate court.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Application to Proceed in the District Court without Prepaying Fees or Costs, Doc. [2], is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff must pay an initial partial filing fee of $1.00 within **thirty (30) days** of the date of this order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that, on initial review pursuant to 28 U.S.C. § 1915(e)(2)(B), Plaintiff's Complaint is **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Appoint Counsel, Doc. [3], is **DENIED** as moot.

**IT IS FINALLY ORDERED** that Plaintiff's filings titled (1) "Notice of Change of

Address and Notice of Ongoing Irreparable Injuries to Plaintiff's Private and Public Rights, Request for a Temporary Restraining Order/Order of Protection, Request for Counsel," Doc. [10], and (2) "Actual and Constructive Legal Notice in the Nature of an Affidavit Session Seeking Emergency Court Order of Protection and Subpoena Duces Tecum for Release and Production to this Court of Legal Documents in Respondent's Physical Possession," Doc. [11], are **DENIED** without prejudice as moot.

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 13th day of January, 2025.

_____
SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE